UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| WEEMS INDUSTRIES, INC. d/b/a LEGACY MANUFACTURING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HARBOR FREIGHT TOOLS USA, INC.<br><br>Defendant. | Case No. 1:18-cv-86<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, by and through its attorneys, and for its complaint against Defendant, Harbor Freight Tools USA, Inc. alleges as follows:

## PARTIES

1. Plaintiff, Weems Industries, Inc. (hereinafter "Weems"), is a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 6509 Partners Avenue, Marion, Iowa, 52302. Weems has adopted and operates under the trade name Legacy Manufacturing Company.

2. Upon information and belief, Defendant, Harbor Freight Tools USA, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 26541 Agoura Road, Calabasas, California 91302.

## JURISDICTION AND VENUE

3. This is an action for trademark infringement and unfair competition arising under sections 32(1) and 43(a) of the Lanham (Trademark) Act, 15 U.S.C. §§ 1114(a), 1125(a).

4. This Court has subject matter jurisdiction over the federal trademark infringement and unfair competition claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental jurisdiction over the subject matter of Plaintiff's state law claims under 28 U.S.C. § 1367(a), in that those claims are so related to the Plaintiff's federal claims that they form part of the same case or controversy.

6. This Court has personal jurisdiction over Defendant because it has contacts with and conducts business within the State of Iowa and this judicial district; Defendant has caused infringing products to be sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has contacts with and conducts business within the State of Iowa and this judicial district; Defendant has caused infringing products to be sold in this judicial district; the causes of action asserted in this Complaint arise out of Defendant's contacts with this judicial district; and Defendant has caused tortious injury to Plaintiff in this judicial district.

**FACTUAL ALLEGATIONS**

8. Weems is the manufacturer of chartreuse-colored compressed air hoses, which are registered under the name "Flexzilla®."

9. Weems has maintained continuous and substantially exclusive use of the chartreuse color as applied to the entire body of its compressed air hoses since early 2007.

10. On October 6, 2015, Weems registered the color chartreuse as applied to the entire body of its air hoses on the Principal Register, Registration No. 4,827,169 (hereinafter "the Mark").

11. Weems promotes and markets the chartreuse color as a trademark, having termed the color "ZillaGreen™" and adopting the slogan, "If it's not ZillaGreen™, it's not Flexzilla®".

12. Weems has invested substantial time, effort, and financial resources to develop, promote, and market its chartreuse color to the body of its compressed air hoses.

13. As a result of Weems' efforts, the chartreuse color as applied to the body of its compressed air hoses has become an asset of substantial value as a symbol of Weems, its quality products, and its goodwill.

14. Weems has expanded its use of the color chartreuse to water hoses, electrical cords, hose reels, pneumatic couplers, air compressors, grease guns, and other accessories. Accordingly, chartreuse has become Weems' signature color, which consumers associate with Weems.

15. Defendant sells various tools at its retail stores and online, including air hoses in numerous colors.

16. Defendant is selling confusingly similar chartreuse colored compressed air hoses, under its Diablo® brand at its retail stores within this judicial district in Iowa.

17. In a letter dated March 13, 2012, Weems provided notice of its rights in the chartreuse colored trademark on the entire body of its compressed air hoses to Defendant.

18. Defendant received and read the March 13, 2012 letter.

19. Weems has continuously and diligently pursued other entities that have produced confusingly similar chartreuse-colored air hoses. By these actions, Weems has aggressively protected, policed and enforced its rights in the Mark against third-party infringers.

20. Additionally, since 2007, Weems has continued to develop secondary meaning in the eyes of consumers in its mark, leading to the subsequent registration of the mark on the Principal Register, Registration No. 4,827,169, on October 6, 2015.

21. Recently, Weems discovered that Defendant sells a chartreuse colored hybrid air hose under its Diablo® brand.

22. Additionally, Defendant advertises its Diablo® brand chartreuse colored hybrid air hose as comparable to Weems' Flexzilla® brand chartreuse colored hybrid air hose, at a significantly reduced price.

23. Defendant intentionally and willfully uses the chartreuse color for the entire body of its compressed air hoses in order to knock-off and infringe the Mark and to capitalize on the known quality of Weems' products and Weems' goodwill for its own benefit.

24. As of the date of this Complaint, Defendant continues to use the chartreuse color for the entire body of its air hoses despite having knowledge of Weems' rights in the chartreuse mark.

25. Defendant's use of Weems' chartreuse-colored hose trademark despite its knowledge of Weems' rights in the mark since March 13, 2012 or before, demonstrates a deliberate intent to infringe Weems' rights in the chartreuse color for the entire body of its air hoses and to continue unfair competition with Weems.

### COUNT I
### Federal Trademark Infringement – Principal Register

26. Weems realleges and incorporates herein by this reference the allegations of paragraphs 1-24 above as though fully set forth herein.

27. Weems registered the color chartreuse as applied to the entire body of its air hoses on the Principal Register, Registration No. 4,827,169.

28. The chartreuse color for the entire body of Weems' air hoses distinguishes Weems' air hoses from its competitors and identifies Weems as the air hoses' source.

29. Weems has maintained continuous and substantially exclusive use of the chartreuse color for the entire body of its air hoses, and as a result, the chartreuse color has been accepted and is recognized as symbolizing Weems' product.

30. Defendant's use of the chartreuse color for the body of its compressed air hoses in commerce to advertise, promote, market and sell its air hoses throughout the United States, including Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association between Weems and Defendant.

31. Defendant is intentionally and willfully using Weems' marks in an attempt to capitalize on the known quality of Weems' products and Weems' goodwill for its own benefit.

32. The unauthorized and infringing use of the Mark causes irreparable harm to Weems' trademark rights and confuses the public

33. Plaintiff has no adequate remedy at law.

34. Weems has suffered, is suffering and will suffer in the future damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Weems' trademarks, and injury to Weems' business in lost revenue associated with sales or distribution of its chartreuse-colored air hoses.

35. The actions of Defendant, if not enjoined, will continue.

WHEREFORE, Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, prays this court to enter a judgment in its favor against Defendant, Harbor Freight Tool USA, Inc., (1) finding that Defendant's actions have and continue to infringe Weems' Principal Register registration, Registration No. 4,827,169 and that such infringement is willful within the

meaning of the Lanham Act; (2) temporarily, preliminarily and permanently enjoining Defendant's use of chartreuse-colored air hose products, or any designation which would create a likelihood of confusion with Weems' chartreuse trademark; (3) awarding Weems all damages and all profits received by Defendant from the sales and revenues, of any kind, resulting from its acts of infringement, said amounts to be trebled pursuant to 15 U.S.C. § 1117; and (4) requiring Defendant, at its cost, to deliver up and destroy all products and associated materials in its possession bearing the infringing chartreuse-colored compressed air hose products pursuant to 15 U.S.C. § 1118.

## COUNT II
### Trademark Infringement – Common Law

36. Weems realleges and incorporates herein by this reference the allegations of all paragraphs 1-24 above as though fully set forth herein.

37. The chartreuse color of Weems' air hoses is a distinctive, nonfunctional mark that distinguishes Weems' compressed air hoses from those of its competitors and identifies Weems as the source of the products.

38. Weems has maintained continuous and substantially exclusive use of the chartreuse color for its air hoses since 2007, and as a result, the chartreuse color has been accepted and is recognized as symbolizing Weems' product.

39. Defendant's use of the chartreuse color for the body of its air hoses in commerce to advertise, promote, market and sell its compressed air hoses throughout the United States, including Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association of the Mark.

40. Defendant is intentionally and willfully using Weems' marks in an attempt to capitalize on the known quality of Weems' products and Weems' goodwill for its own benefit.

41. The unauthorized and infringing use of the Mark causes irreparable harm to Weems' trademark rights and confuses the public.

42. Plaintiff has no adequate remedy at law.

43. Weems has suffered, is suffering and will suffer in the future damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with Weems' trademarks, and injury to Weems' business in lost revenue associated with sales or distribution of its chartreuse-colored air hoses.

44. The actions of Defendants, if not enjoined, will continue.

WHEREFORE, Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, prays this court to enter a judgment in its favor against Defendant, Harbor Freight Tool USA, Inc., (1) finding that Weems' chartreuse-colored air hose products have been and continue to be infringed by Defendant in violation of Weems' trademark rights and that such infringement is willful within the meaning of the Lanham Act; (2) temporarily, preliminarily and permanently enjoining Weems' use of chartreuse-colored air hose products, or any designation which would create a likelihood of confusion with Weems' chartreuse trademark; and (3) awarding Weems all damages and all profits received by Defendant from the sales and revenues, of any kind, resulting from its acts of infringement, said amounts to be trebled pursuant to 15 U.S.C. § 1117.

## COUNT III
### Federal Unfair Competition

45. Weems realleges and incorporates herein by this reference the allegations of paragraphs 1-24 above as though fully set forth herein.

46. Defendant's use of the chartreuse color for the body of its air hose in commerce to advertise, promote, market, supply and sell its air hoses throughout the United States including

Iowa, creates a likelihood of confusion, deception, or mistake among consumers as to the source and association of the Mark.

47. The unauthorized and infringing use of the Mark causes irreparable harm to Weems' trademark rights.

48. Weems has suffered, is suffering and will suffer future damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the Mark, and injury to Weems' business in lost revenue associated with sales or distribution of its chartreuse-colored air hoses.

49. By using the chartreuse color for the body of its air hoses and those it supplies to third party vendors and/or merchants, Defendant is intentionally and willfully using Weems' marks in an attempt to capitalize on the known quality of Weems' products and Weems' goodwill for its own benefit.

WHEREFORE, Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, prays this court to enter a judgment in its favor against Defendant, Harbor Freight Tool USA, Inc., (1) finding that Defendant's use of its chartreuse-colored air hose products constitutes federal unfair competition in violation of 15 U.S.C. § 1125(a); (2) temporarily, preliminarily and permanently enjoining Defendant's use of chartreuse-colored air hose products, or any designation which would create a likelihood of confusion with Weems' chartreuse trademark; and (3) awarding Weems all damages and all profits received by Defendant from the sales and revenues, of any kind, resulting from its acts of infringement and unfair competition, said amounts to be trebled pursuant to 15 U.S.C. § 1117.

## COUNT IV
**Iowa Unfair Competition**

8

50. Weems realleges and incorporates herein by this reference the allegations of paragraphs 1-24 above as though fully set forth herein.

51. Weems has a right, by fair and honest business methods, to compete with Defendant.

52. Defendant has engaged in acts of infringement of Weems' chartreuse-colored air hose products, in derogation of Weems' common law and statutory rights.

53. Defendant's act of infringement occurred during the conduct of trade or commerce.

54. Defendant's acts of infringement constitute unfair competition.

55. As a direct and proximate result of Defendant's acts of infringement, Weems has been damaged and is likely to be further damaged, specifically through the loss of its competitive advantage in the market and revenue associated with sales or distribution of its chartreuse-colored air hose products.

56. The unauthorized and infringing use of the Mark causes irreparable harm to Weems' trademark rights.

57. The actions of Defendant are willful and wanton systematic and continuous conduct in reckless disregard of the rights of Weems entitling Weems to punitive damages.

WHEREFORE, Plaintiff, Weems Industries, Inc. d/b/a Legacy Manufacturing Company, prays this court to enter a judgment in its favor against Defendant, Harbor Freight Tool USA, Inc., (1) finding that Defendant's use of its chartreuse-colored air hose products constitutes unfair competition in violation of Iowa law; (2) temporarily, preliminarily and permanently enjoining Defendant's use of chartreuse-colored air hose products, or any designation which would create a likelihood of confusion with Weems' chartreuse trademark; and (3) awarding

Weems all damages and all profits received by Defendant from the sales and revenues, of any kind, resulting from its acts of infringement and unfair competition, as well as punitive damages in light Defendant's willful, wanton and reckless disregard of the rights of Weems.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of August 2018.

                         BRICK GENTRY P.C.

By:   */s/Dennis Ogden*
      DENNIS P. OGDEN, Iowa AT0005838
      BRIAN J. LAURENZO, Iowa AT0004513
      MATT O'HOLLEARN, Iowa AT0010122
      6701 Westown Parkway, Suite 100
      West Des Moines, IA 50266
      Telephone: (515) 274-1450
      Fax: (515) 274-1488
      Email: dennis.ogden@brickgentrylaw.com
      Email: brian.laurenzo@brickgentrylaw.com
      Email: matt.ohollearn@brickgentrylaw.com
      ATTORNEYS FOR PLAINTIFF

Electronically filed.